UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LUIS RODRIGUEZ,

                 Plaintiff,

   -against-

DRUG ENFORCEMENT AGENTS,
BRIAN IULA; BRIAN M. FLEMING;
ASSISTANT U.S. ATTORNEY,
NOAH B. PERLMAN,

                 Defendants.
----------------------------------------------------------X

MEMORANDUM
AND ORDER

Civil Action No.
CV-05-4605 (DGT)

TRAGER, J.

By order dated November 14, 2005 ("November Order"), the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed plaintiff's *pro se* civil rights action in part and directed plaintiff to file an amended complaint. In the original complaint, plaintiff sought injunctive relief and damages. On January 19, 2006, plaintiff filed an amended complaint with additional allegations and additional defendants. Plaintiff also seeks reconsideration of the November Order which dismissed plaintiff's perjury claim against defendant Iula arising from his 2001 federal criminal case. For the reasons set forth below, the complaint shall proceed as to defendant Iula, but is dismissed against defendants Fleming and Perlman. Plaintiff's request for reconsideration of the Court's November Order is denied.

Background

The background of this case is thoroughly set forth in the November Order, a brief summary follows. Plaintiff is currently detained at the Metropolitan Detention Center awaiting trial before

1

this Court on criminal charges following an arrest warrant issued by the Honorable Roanne L. Mann, United States Magistrate Judge.[1] In the original complaint, plaintiff alleged that Drug Enforcement Administration Agent (DEA) Brian Iula committed perjury "during the trial proceedings" in the first federal criminal case against him, United States v. Rodriguez, No. 01-CR-0024 (ARR), and that Iula introduced perjured testimony in his application for an arrest warrant in the pending criminal case. The Court dismissed plaintiff's claim that Iula committed perjury in the 2001 criminal case finding that Iula was entitled to absolute immunity under Briscoe v. LaHue, 460 U.S. 325 (1983). The Court, however, allowed plaintiff to present additional allegations to support his claim that Iula committed perjury in his application for an arrest warrant to Judge Mann.

In the amended complaint, plaintiff alleges that defendant Iula committed perjury in stating to the Court that (i) the cooperating witness ("CW") was reliable, see Amended Complaint at 16, (ii) the statement attributed to the CW that Rodriguez had identified the double homicide location as the place the CW should commit the murders was inaccurate, Id. at 15-16, and (iii) federal agents knew that telephone calls purported to be to and from plaintiff's home telephone were not from plaintiff's home telephone. Id. at 17-18. Plaintiff also includes additional allegations arising from the 2001 criminal case under No. 01-CR-0024 (ARR). For example, plaintiff alleges that defendants Iula, DEA Agent Brian Fleming and Assistant United States Attorney Noah B. Perlman conspired to have Iula falsely testify that he recovered the cell phone from plaintiff's person rather than from plaintiff's probation officer. Id. at 8-9. Plaintiff alleges that Fleming testified falsely before the grand jury. Id. at 8.

---

[1] See United States v. Rodriguez, No. 05-CR-0153 (DGT).

Discussion

    A. <u>Conspiracy Claims are Dismissed</u>

The conspiracy claims against defendant Iula, Fleming and Perlman arising from the 2001 criminal case are dismissed. Section 1915A requires this Court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia*, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). <u>See</u> <u>Tapia-Ortiz v. Winter</u>, 185 F.3d 8, 11 (2d Cir. 1999) (prisoner RICO lawsuit against federal appellate judges and federal prosecutor properly dismissed as frivolous, malicious and failed to state a claim under § 1915A). Plaintiff argues that Perlman knew that the grand jury testimony of Fleming and the trial testimony of Iula in the 2001 criminal case was false. These arguments do not support a claim under any possible conspiracy theory. <u>See</u> <u>Polur v. Raffe</u>, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims based on allegations of a conspiracy where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim or plead overt acts indicating the existence of a conspiracy"); <u>Sommer v. Dixon</u>, 709 F.2d 173, 175 (2d Cir. 1983); <u>see also</u> <u>Dwares v. City of New York</u>, 985 F.2d 94, 99-100 (2d Cir. 1993) (citing cases); <u>Carson v. Lewis</u>, 35 F.Supp.2d 250, 271 (E.D.N.Y. 1999).

    B. <u>Additional Claims barred by Absolute Immunity</u>

In any event, defendant Fleming is entitled to absolute immunity for his testimony before the grand jury, <u>see</u> <u>San Filippo v. United States Trust Co.</u>, 737 F.2d 246, 256 (2d Cir. 1984) ("all witnesses, whether private parties or government officials, have absolute immunity from damages liability for their testimony under <u>Briscoe</u>"); <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983), and defendant Perlman is entitled to absolute immunity for his actions in prosecuting the 2001 criminal case. It is by now well established that "a [] prosecuting attorney who acted within the scope of his duties

in initiating and pursuing a criminal prosecution," Imbler v. Pachtman, 424 U.S. 409, 410 (1976), "is immune from a civil suit for damages," id. at 431. See, e.g., Kalina v. Fletcher, 522 U.S. 118, 124 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions. Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (reversing district court's denial of absolute immunity to prosecutors). Thus, the claims against Fleming and Perlman are dismissed pursuant to 28 U.S.C. § 1915A.

    C. Reconsideration of Claims Against Iula

A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision. In re Worldcom, Inc. Securities Litigation, 308 F.Supp.2d 214, 224 (S.D.N.Y. 2004); Herschaft v. New York City Campaign Finance Board, 139 F. Supp.2d 282, 283 (E.D.N.Y. 2001); see also E.D.N.Y. Local Civil Rule 6.3. Courts narrowly construe this standard and apply it strictly against the moving party so as to avoid repetitive arguments on issues that have already been considered fully by the Court. Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Here, plaintiff has not established that the Court has overlooked a controlling matter or authority. Rather, plaintiff repeats his claims concerning the purported perjury of defendant Iula with regard to the cellular telephone arising from his 2001 criminal case. The new allegation of conspiracy does not change the Court's conclusion that defendant Iula is entitled to absolute immunity for his trial testimony. Briscoe, 460 U.S. at 325. Plaintiff's request for reconsideration of the November Order dismissing these claims against defendant Iula is, therefore, denied.

Conclusion

Accordingly, the claims against defendants Brian Iula, Brian Fleming and Noah B. Perlman arising from his 2001 criminal case are hereby DISMISSED. 28 U.S.C. § 1915A. No summons shall issue as to Fleming and Perlman. Furthermore, plaintiff's request for reconsideration of the Court's November Order dismissing claims against defendant Iula is DENIED.

However, plaintiff's amended complaint shall proceed against Brian Iula solely as to claims arising from the pending criminal case under No. 05-CR-0153 (DGT) as set forth above. The Court directs the Clerk of Court to issue a summons solely as to Brian Iula, Drug Enforcement Agent. The Court further directs the United States Marshals Service to serve the summons, amended complaint, original complaint, a copy of this Order and the November Order upon defendant without payment of fees. A courtesy copy of the same documents shall be served on the United States Attorney for the Eastern District of New York. Following service, this action will be stayed pending the outcome of the criminal case, 05-CR-0153 (DGT).

Dated: May 2, 2006
      Brooklyn, New York

                                      SO ORDERED.

                                      /s/
                                    David G. Trager
                                    United States District Judge